[Cite as *State v. Knowles*, 2012-Ohio-2543.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-17 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2007-CR-205 |
| v. | : | |
| | : | |
| EURON W. KNOWLES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th of June, 2012.

. . . . . . . . . . .

NICK A. SELVAGGIO, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

EURON W. KNOWLES, #579-273, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

## I.  Introduction

**{¶ 1}**    Defendant-appellant Euron Knowles appeals, *pro se*, from an order overruling his motion for reclassification of his sex offender status.  Knowles contends that the trial court abused its discretion by failing to apply the proper classification scheme.

{¶ 2}    We conclude that the trial court erred by overruling Knowles's motion.   A retroactive classification of a sex offender under the Adam Walsh Act is void.   *State v. Eads*, 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, ¶ 24.   A trial court has inherent authority to vacate (or, in this case, to correct) a void judgment.   *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), fourth paragraph of syllabus.   Accordingly, the order of the trial court from which this appeal is taken is Reversed, and this cause is Remanded to the trial court for further proceedings.

## II.   Course of Proceedings

{¶ 3}    In August 2007, Knowles was indicted for one count of Rape and seven counts of Gross Sexual Imposition,   based on offenses alleged to have occurred between 2002 and 2004.   Knowles pled guilty to three counts of Gross Sexual Imposition in April 2008, and the remaining charges were dismissed.   In June 2008, Knowles was sentenced to two years in prison on each count, with the terms to be served consecutively, for a total of six years imprisonment.   The trial court also classified Knowles as a Tier II Sex Offender pursuant to S.B. 10, also known as the Adam Walsh Act.   There is no indication in the record that Knowles directly appealed from the conviction and sentence.

{¶ 4}    In May 2011, Knowles filed a motion for reclassification in the trial court, contending that his conduct and indictment occurred prior to the enactment of S.B. 10, and that under recent Ohio Supreme Court cases and other authority, application of S.B. 10 to his situation was unconstitutional.   The State filed a memorandum in response, arguing that severance or reclassification did not apply to Knowles, because his conviction occurred after

S.B. 10 became effective in January 2008. In June 2011, the trial court adopted the reasoning of the State, and denied the motion for reclassification. The trial court also relied on our decision in *State v. Williams*, 2d Dist. Montgomery No. 22574, 2010-Ohio-3537, which had upheld S.B. 10 on various constitutional claims. Knowles appeals from the order overruling his motion for reclassification.

### III.   Did the Trial Court Err in Overruling the Motion for Reclassification?

{¶ 5}     Knowles's sole assignment of error is as follows:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION FOR [SIC] FAILING TO APPLY THE PROPER CLASSIFICATION SCHEME.

{¶ 6}     Under this assignment of error, Knowles contends that the trial court abused its discretion by denying his motion for reclassification. Knowles relies on authority cited in his motion and on *State v. Williams*, 129 Ohio St.3d 344,   2011-Ohio-3374, 952 N.E.2d 1108, which held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id*. at syllabus.   In *Williams*, the Supreme Court of Ohio specifically noted that:

The General Assembly has the authority, indeed the obligation, to protect the public from sex offenders. It may not, however, consistent with the Ohio Constitution, "impose[ ] new or additional burdens, duties, obligations, or liabilities as to a past transaction." If the registration requirements of S.B. 10 are imposed on Williams, the General Assembly has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction.

We conclude that S.B. 10, as applied to Williams and any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws. [Citation omitted.] Id. at ¶ 22.

{¶ 7} The defendant in *Williams* had committed his sexually-oriented offenses before the effective date of S.B. 10. He had also been designated a Tier II sex offender by the trial court after the effective date of S.B. 10. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 Id. at ¶ 1-2. From a factual perspective, this is the same thing that happened to Knowles. Unlike Knowles, however, the defendant in *Williams* filed a direct appeal and raised issues about the constitutionality of S.B. 10 as applied to defendants who had committed offenses before the effective date of the act. Id. at ¶ 4. Therefore, the procedural postures of the two cases are not the same.

{¶ 8} In the case before us, the State contends that the trial court lacked jurisdiction over Knowles's motion for reclassification. The State did not make this argument in the trial court, and this was not the basis of the decision overruling the motion for reclassification. In particular, the trial court focused on our prior decision in *State v. Williams*, 2d Dist. Montgomery No. 22574, 2010-Ohio-3537, which had rejected various constitutional challenges to S.B. 10. Id. at ¶ 15. Due to the intervening Supreme Court decision in *Williams*, which could impact individuals in Knowles's position, the State now argues that the trial court properly rejected the motion for reclassification as an untimely motion for post-conviction relief under R.C. 2953.21.[1]

---

[1] Our *Williams* decision had nothing to do with the decision rendered by the Supreme Court of Ohio; the two defendants merely happen to have the same last name.

{¶ 9}    In *State v. Eads*, 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, ¶ 24, we held that a retroactive classification under the Adam Walsh Act to an offender who committed his offense before the effective date of the Act was not merely voidable, but void.   That case involved a conviction for failure to notify the sheriff of the offender's change of address. Because we found that the offender's sex offender classification was void, even though he had never challenged that classification by a direct appeal, we reversed his conviction.

{¶ 10}   Here, Knowles is not raising the voidness of his classification under the Adam Walsh Act collaterally, as a challenge to his conviction for having failed to comply with his reporting and registration requirements, but directly, in a motion to reclassify him under the sex offender registration law preceding the enactment of the Adam Walsh Act.   In our view, that is not a material distinction.   It would seem unreasonable to hold that Knowles cannot now effect a change in his sex offender classification, even though, under *State v. Eads, supra,* he can obtain the reversal of any subsequent conviction for violating the requirements applicable to his classification under the Adam Walsh Act.

{¶ 11}   Furthermore, the Supreme Court of Ohio has held that a trial court has the inherent power to vacate a void judgment.   *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), fourth paragraph of syllabus.   We recognized a trial court's inherent authority to vacate a void judgment in *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 9.   But in that case, we distinguished between the defendant's sex offender *classification*, which was void because of retroactivity, and his *conviction* for violating sex offender reporting and registration requirements, which was merely voidable, not void.

**{¶ 12}** Here, Knowles is not challenging his conviction for violating reporting and registration requirements; he is seeking a recognition by the trial court that his purported classification under the Adam Walsh Act is void, which the trial court has inherent authority to do, independently of the provision in R.C. 2953.21 for petitions for post-conviction relief. In recognizing the voidness of Knowles's classification under the Adam Walsh Act, the trial court may substitute the correct classification under the sex offender classification law preceding enactment of the Adam Walsh Act.

**{¶ 13}** Knowles's sole assignment of error is sustained.

## IV. Conclusion

**{¶ 14}** Knowles's sole assignment of error having been sustained, the order from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Nick A. Selvaggio
Euron W. Knowles
Hon. Roger B. Wilson