[Cite as *State v. Dudley*, 2012-Ohio-3844.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24408 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2005-CR-3565 |
| v. | : | |
| | : | |
| RONALD E. DUDLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., by R. Lynn Nothstine, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRANDIN D. MARLOW, Atty. Reg. #0076381, 150 North Limestone Street, Suite 218, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Ronald E. Dudley appeals from his resentencing following a remand to merge

allied offenses of similar import.

{¶ 2} Dudley advances five assignments of error on appeal. First, he contends the trial court erred in not merging his kidnapping and rape convictions. Second, he claims the trial court erred in failing to inform him of the imposition of court costs at his resentencing hearing. Third, he asserts that the trial court erred in determining his sex-offender status based on S.B. 10. Fourth, he argues that the trial court erred in denying his motion for reconsideration of the denial of his motion for a new trial. Fifth, he maintains that the trial court erred in not considering his motion to suppress.

{¶ 3} The record reflects that a jury found Dudley guilty of rape, kidnapping, two counts of attempted rape, and gross sexual imposition. In August 2008, the trial court imposed an aggregate sentence of twenty to fifty years in prison. In a July 9, 2010 opinion on direct appeal, this court found no prejudice resulting from defense counsel's failure to file a motion to suppress statements Dudley made to police. In addition, this court rejected an argument that applying S.B. 10, Ohio's Adam Walsh Act, to Dudley was unconstitutional. This court also held that Dudley's kidnapping and rape convictions did not merge for purposes of sentencing because a separate animus existed for each offense. Finally, this court agreed with Dudley that his rape, attempted rape, and gross sexual imposition convictions should have been merged for sentencing. As a result, the cause was remanded for a new sentencing hearing for the State to elect which sex offenses to pursue. *See State v. Dudley*, 2d Dist. Montgomery No. 22931, 2010-Ohio-3240 ("*Dudley I*").

{¶ 4} The trial court held a new sentencing hearing on December 15, 2010. At that time, the State elected to proceed with sentencing on the rape conviction. The trial court

sentenced Dudley to an aggregate prison term of twenty to fifty years for the rape and kidnapping convictions. As it had done previously, the trial court designated Dudley as a Tier III sex offender under S.B. 10. During the hearing, the trial court also heard pro se argument from Dudley and orally overruled several motions he made, including a motion for reconsideration, a motion to suppress, and a motion to merge his rape and kidnapping convictions.    Finally, although the trial court did not mention court costs during the resentencing hearing, its termination entry ordered Dudley to pay such costs. (Resentencing Termination Entry, Doc. #23).

{¶ 5}    In his first assignment of error, Dudley contends the trial court erred in not merging his kidnapping and rape convictions. In support, he relies primarily on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which the Ohio Supreme Court decided on December 29, 2010, eight days before the trial court's resentencing termination entry.

{¶ 6}    Upon review, we find no merit in Dudley's argument. This court fully addressed the allied-offense issue in *Dudley I*, reasoning:

> In the case before us, Dudley first restrained B.C. when he tackled her, caused both parties to fall over a guardrail, and landed on top of B.C. These actions posed a substantial risk of harm to B.C., and, did, in fact, cause harm to her ankle. Dudley then grabbed B.C. by the hair and dragged her fifty or sixty feet to the woods. This again posed a substantial risk of harm to B.C., was more than a brief restraint, and was secretive. While Dudley restrained B.C., he also threatened to kill her. And finally, when Dudley left, he told her that if she

moved before he came back, he would kill her. He also took B.C.'s pants and shoe, subjecting her to a risk of harm due to the cold and damp weather. Under the circumstances, we conclude that a separate animus existed for the kidnapping and rape.

* * *

*Dudley I* at ¶ 50.

{¶ 7} Given this court's holding in *Dudley I* that the kidnapping and rape convictions were not subject to merger, the trial court was not free to find otherwise on remand. Moreover, the Ohio Supreme Court's ruling in *Johnson* provides no support for Dudley's argument. "*Johnson* was concerned with how the 'same conduct' constitutes allied offenses of similar import for purposes of R.C. 2941.25(A), which requires that allied offenses of similar import be merged for purposes of sentencing." *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 25. But "R.C. 2941.25(B) provides an exception to the merger requirement when the allied offenses were committed separately or with a separate animus as to each." *Id.* Notably, *Johnson* recognized that "if the [allied] offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51. Because Dudley had a separate animus for his two offenses, the outcome would be the same even if we applied *Johnson* to his case. Dudley's first assignment of error is overruled.

{¶ 8} In his second assignment of error, Dudley claims the trial court erred in failing to inform him of the imposition of additional court costs during his resentencing hearing. Although the trial court included court costs in its resentencing termination entry (Doc. #23),

it did not mention court costs during the resentencing hearing. (Dec. 15, 2010 Transcript). Dudley contends the trial court's failure to advise him of the additional court costs was prejudicial because it deprived him of the opportunity to seek a waiver. We agree.

**{¶ 9}** "Although a judge has discretion to waive court costs assessed against an indigent defendant, such a person ordinarily 'must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.'" *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 14 (2d Dist.), quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 22. "The Ohio Supreme Court has recognized an exception, however, when a trial court fails to mention court costs during a sentencing hearing. A trial court errs in failing to tell a defendant at sentencing that it is imposing court costs." *Id.* at ¶ 15, citing *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. "The error is not harmless because it deprives the defendant of an opportunity to contest the imposition of court costs." *Id.* "Under such circumstances, principles of waiver and res judicata do not apply." *Id.*

**{¶ 10}** In the present case, the trial court did not mention additional court costs during Dudley's resentencing hearing. This omission denied him an opportunity to raise a timely objection and to seek a waiver. As a result, we will sustain Dudley's second assignment of error to the extent that it challenges the imposition of court costs related to his resentencing. The trial court's December 21, 2010 judgment will be reversed with regard to the imposition of resentencing costs, and the cause will be remanded for the limited purpose of allowing

Dudley to seek a waiver. *See Lunsford* at ¶ 16, citing *Joseph* at ¶ 22-23. We caution, however, that our remand does not entitle Dudley to challenge court costs that were imposed as part of his original 2008 termination entry. His obligation to pay court costs related to his original conviction and sentencing is res judicata. *Id.* at ¶ 13. We are unpersuaded by Dudley's assertion that he should be entitled, on remand, to challenge those costs.

{¶ 11}  In his third assignment of error, Dudley asserts that the trial court erred in determining his sex-offender status based on S.B. 10. Relying on *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, Dudley contends S.B. 10 cannot be applied to defendants who committed their offenses prior to its effective date. He argues that a remand is necessary for a sex-offender classification under the law in effect when he committed his crimes.

{¶ 12}  The State makes two arguments in response. First, it contends Dudley's classification under S.B. 10 had become final before *Williams* was decided. Therefore, the State claims res judicata bars his current challenge. Second, the State asserts that Dudley's argument about *Williams* and S.B. 10 is beyond the scope of the present appeal. The State contends Dudley's sex-offender classification under S.B. 10 was not an issue on remand and is not a proper subject for this appeal, noting that our prior remand was solely for the purpose of resentencing to merge allied offenses.

{¶ 13}  The record reflects that Dudley originally was classified as a Tier III sex offender under S.B. 10 when he was convicted and sentenced in August 2008. In his first direct appeal, Dudley argued that application of S.B. 10 to him was unconstitutional for numerous reasons. In a July 2010 opinion, this court rejected his constitutional challenges and

upheld his S.B. 10 classification. *Dudley I* at ¶ 66-80. As set forth above, however, we remanded the case for merger of allied offenses at a new sentencing hearing. *Id.* at ¶ 64, 81 (reversing the judgment of conviction and remanding for a new sentencing hearing). Further review was denied by the Ohio Supreme Court in October 2010. See *State v. Dudley*, 126 Ohio St.3d 1619, 2010-Ohio-5101, 935 N.E.2d 856. On remand, the trial court merged the allied offenses and resentenced Dudley in December 2010. (Doc. #23). Dudley timely appealed that same month. (Doc. #25). The Ohio Supreme Court decided *Williams* in July 2011, while the present appeal was pending. The *Williams* court held that S.B. 10 could not constitutionally be applied to defendants who committed their sex offenses prior to its enactment. *Williams*, at syllabus.

{¶ 14} Like the defendant in *Williams*, Dudley committed his sex offenses before the enactment of S.B. 10. This court has determined that retroactive application of S.B. 10 to a defendant who committed his sex offense before the act's effective date is not merely voidable but void. *State v. Knowles*, 2d Dist. Champaign No. 2011-CA-17, 2012-Ohio-2543, ¶ 9-10. In *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.), this court applied *Williams* to a defendant who had not even challenged his S.B. 10 classification in a direct appeal of his delinquency adjudication. *Id.* at ¶ 23-24. Contrary to the State's argument, res judicata does not apply because the S.B. 10 classification portion of Dudley's 2008 judgment was not a "valid" prior judgment for res judicata purposes. *State v. Alredge*, 2d Dist. Montgomery No. 24755, 2012-Ohio-414, ¶ 11-12.

{¶ 15} Nor are we persuaded by the State's argument that the issue of Dudley's sex-offender classification is beyond the scope of the present appeal. In *Dudley I*, this court

reversed the trial court's judgment and remanded for a new sentencing hearing. Even if the 2008 classification under S.B. 10 were not void, by reversing the judgment this court necessarily nullified Dudley's classification as a Tier III sex offender.[1] As a result, the trial court was required to redetermine his classification upon resentencing. Once it did so, Dudley became free to challenge that sex-offender classification in this appeal. For the reasons set forth above, we find his challenge to be persuasive. The trial court erred in classifying Dudley as a Tier III offender under S.B. 10. The act did not apply to Dudley, who committed his offenses prior to its effective date. Accordingly, the third assignment of error is sustained. The cause will be remanded for the trial court to determine Dudley's classification based on the law in existence when he committed his offenses.

{¶ 16}   In his fourth assignment of error, Dudley argues that the trial court erred in denying his motion for reconsideration of the denial of his motion for a new trial.

{¶ 17}   The record reflects that Dudley filed a new-trial motion on December 16, 2008, shortly after his conviction. The trial court overruled the motion on August 7, 2009. On August 31, 2009, Dudley filed a direct appeal from the denial of the new-trial motion and others. On September 3, 2010, this court overruled all of Dudley's assignments of error, including one challenging the trial court's denial of the new-trial motion. *See State v. Dudley*, 2d Dist. Montgomery No. 23613, 2010-Ohio-4152 ("*Dudley II*").

{¶ 18}   Given this court's decision in *Dudley II* affirming the denial of the new-trial

---

[1] We note that theoretically the State could have elected on remand to merge the rape and attempted rape convictions into the gross sexual imposition conviction for purposes of sentencing. Under that scenario, Dudley no longer even would have qualified as a Tier III sex offender because his gross sexual imposition conviction was not a Tier III offense. *See* R.C. 2950.01. Therefore, this court's reversal and remand to merge allied offenses necessarily vacated Dudley's S.B. 10 sex-offender classification, which was void in any event.

motion, the trial court was not free to reconsider the issue when it resentenced Dudley in December 2010. We note too that Dudley's motion to reconsider the new-trial issue exceeded the scope of our remand order, which was limited to resentencing to merge certain sex offenses as allied offenses of similar import. Accordingly, the fourth assignment of error is overruled.

{¶ 19}   In his fifth assignment of error, Dudley maintains that the trial court erred in not considering his motion to suppress.

{¶ 20}   The record reflects that Dudley orally attempted to relitigate a suppression issue during his resentencing hearing. The trial court rejected Dudley's argument, noting that this court already had addressed the issue in *Dudley I* and had found no reversible error. We agree with the trial court. Given this court's holding in *Dudley I* that the absence of a suppression motion did not prejudice Dudley, the trial court was not free to find otherwise on remand. Once again, we note too that Dudley's suppression argument exceeded the scope of our remand order. The fifth assignment of error is overruled.

{¶ 21}   Having sustained Dudley's second assignment of error, in part, and his third assignment of error, we reverse in part the trial court's judgment and remand the cause for further proceedings consistent with this opinion. On remand, the trial court should (1) give Dudley an opportunity to seek a waiver of resentencing-related court costs and (2) determine his sex-offender classification based on the law in existence at the time he committed his offenses.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Brandin D. Marlow
Hon. Barbara P. Gorman