[Cite as *State v. Lawson*, 2012-Ohio-5281.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120077 |
| | | C-120067 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0710273 |
| vs. | : | |
| | | *O P I N I O N.* |
| SYLVESTER LAWSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified; Sentences Vacated in Part, and
Cause Remanded

Date of Judgment Entry on Appeal:  November 16, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Sylvester J. Lawson II*, pro se.


Please note:  we have removed this case from the accelerated calendar.

Per curiam.

{¶1}   Defendant-appellant Sylvester Lawson appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate Void Judgment, and for a New Sentencing Hearing."  We affirm the judgment overruling the motion, but we vacate Lawson's sex-offender classification and remand for resentencing under the sex-offender-classification law in effect when Lawson committed his offenses.

{¶2}   In January 2008, Lawson was indicted for rape in violation of R.C. 2907.02(A)(2) and kidnapping in violation of R.C. 2905.01(A)(4), based on conduct in 2005.  In August 2008, he was convicted upon guilty pleas to the charges and was designated a Tier III sex offender under the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 ("S.B. 10").  He unsuccessfully challenged his convictions in direct appeals to this court and to the Ohio Supreme Court, *State v. Lawson,* 1st Dist. No. C-080877 (June 17, 2009), *leave to file delayed appeal denied*, 123 Ohio St.3d 1492, 2009-Ohio-6015, 916 N.E.2d 1072, *affirmed following reopening,* 1st Dist. No. C-080877, 2010-Ohio-4115, and in an untimely petition under R.C. 2953.21 et seq. for postconviction relief.

{¶3}   In November 2011, Lawson again collaterally challenged his convictions, this time in a "Motion to Vacate Void Judgment, and for a New Sentencing Hearing."  The common pleas court overruled the motion, and this appeal followed.

{¶4}   On appeal, Lawson presents four assignments of error.  The assignments of error essentially restate the claims advanced in his motion and may thus fairly be read together to present a challenge to the overruling of his motion.  We overrule the assignments of error.

{¶5} *Claims were reviewable under R.C. 2953.21 et seq.* In his motion, Lawson claimed that his convictions were "void" because the trial court's imposition of prison sentences for both rape and kidnapping violated R.C. 2941.25, prohibiting sentencing on allied offenses of similar import, and because the court's designation of him as a Tier III sex offender under S.B. 10 violated Section 28, Article II of the Ohio Constitution, prohibiting retroactive laws. Lawson did not specify in his motion the statute or rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, permit a collateral attack upon a judgment of conviction by one "who claims that there was such a denial or infringement of his rights [in the proceedings resulting in his conviction] as to render [his conviction] void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). The postconviction statutes provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the common pleas court should have recast Lawson's motion as a postconviction petition and reviewed it under the standards provided by R.C. 2953.21 et seq. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6} *Postconviction relief was properly denied.* A postconviction petition must be filed with the common pleas court within 180 days after the transcript of the proceedings is filed in the direct appeal. R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the court's jurisdiction to entertain a late postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the

time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).

{¶7} Lawson's claims were filed well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And the record does not demonstrate either that Lawson was unavoidably prevented from discovering the facts underlying his claims, or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired. Because Lawson satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Lawson's postconviction claims on their merits.

{¶8} *S.B. 10 sex-offender classification was void.* But a trial court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Lawson's convictions were void to the extent that the trial court applied S.B. 10 to classify him as a Tier III sex offender.

{¶9} We do not reach the issue, presented by Lawson's allied-offenses claim, of whether a sentence imposed in contravention of R.C. 2941.25 is void. In Lawson's reopened direct appeal, we addressed and rejected his allied-offenses claim. *Lawson*, 1st Dist. No. C-080877, 2010-Ohio-4115. Therefore, the doctrine of the law of the case precluded the common pleas court from vacating Lawson's sentences on that ground. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) (holding that "the decision of a reviewing court in a case remains the law of

that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").

{¶10} But the court should have vacated as void Lawson's sex-offender classification. In 2005, when Lawson committed his offenses, the sex-offender classification and registration scheme in place was Ohio's version of the federal Megan's Law, 42 U.S.C. 14071. Ohio's Megan's Law, enacted in 1996 and amended in 2003, subjected a sex offender to registration requirements based upon his adjudication as a sexually oriented offender, habitual sex offender, or sexual predator. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, *amended by* Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558.

{¶11} By August 2008, when Lawson was convicted of his sex offenses and classified as a Tier III sex offender, Megan's Law had been replaced by S.B. 10. Under S.B. 10, effective January 1, 2008, a sex offender is classified under a three-tiered structure automatically, based upon his offense. His classification determines his registration requirements, and those requirements are more onerous than those provided for under Megan's law. *See State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 24-28.

{¶12} By 2010, Lawson had exhausted his direct appeals. In July 2011, the Ohio Supreme Court decided *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. The supreme court in *Williams* held that S.B. 10's registration requirements are part of the offender's punishment for his conduct, *id.* at ¶ 10-20, and that S.B. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus.

{¶13} The Second Appellate District, in *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.), applied *Williams* retroactively to vacate Eads's S.B. 10 sex-offender classification as violative of Ohio's Retroactivity Clause and thus "void." *Id.* at ¶ 24. Eads's S.B. 10 classification was based on conduct in 2006. He did not challenge the classification in an appeal from the 2008 delinquency adjudication upon which his classification had been based. But in his 2011 appeal from his convictions for failing to comply with S.B. 10's verification and notification requirements, the Second District applied *Williams* to vacate his classification and, in turn, his verification and notification convictions.

{¶14} In doing so, the court in *Eads* declined to follow the general rule that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Id.* at ¶15 (quoting *State v. Evans,* 32 Ohio St.2d 185, 186, 291 N.E.2d 466 [1972]). The court reasoned that, just as Ohio's Retroactivity Clause effectively "nullifies," and thus renders "void," an unconstitutionally retroactive law, a judicial ruling that the law is unconstitutionally retroactive "likewise applies retroactively to any person to whom the law was retroactively applied." *Id.* at ¶ 17 (quoting *Bielat v. Bielat,* 87 Ohio St.3d 350, 352-353, 721 N.E.2d 28 [2000], *Miller v. Hixson,* 64 Ohio St. 39, 51, 59 N.E. 749 [1901], and *State v. Pritchett,* 2d Dist. No. 24183, 2011-Ohio-5978, ¶ 26).

{¶15} The court also found support for its retrospective application of *Williams* in the supreme court's expression of its holding in that case. The supreme court in *Williams* held that S.B. 10 was unconstitutionally retroactive "as applied to Williams and *any other sex offender who committed an offense prior to the enactment of S.B. 10.*" *Williams* at ¶ 22 (emphasis added). That holding, the *Eads* court noted, was as "expansive" as the holding in *Bodyke,* 126 Ohio St.3d 266, 2010-

6

Ohio-2424, 933 N.E.2d 753, that S.B. 10's reclassification provisions "may not be applied to *offenders previously adjudicated by judges under Megan's Law*." *Eads* at ¶ 19 and 23 (quoting *Bodyke* at ¶ 66). And the supreme court has not limited *Bodyke* to pending reclassification challenges, but has extended its holding to all unconstitutional reclassifications. *See Eads* at ¶ 19-23 (citing *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192).

{¶16} The decision in *Eads* has since been reaffirmed by the Second District. *See, e.g., State v. Dudley*, 2d Dist. No. 24408, 2012-Ohio-3844, ¶ 14-15; *State v. Knowles*, 2d Dist. No. 2011-CA-17, 2012-Ohio-2543, ¶ 6-12; *State v. Alredge*, 2d Dist. No. 24755, 2012-Ohio-414, ¶ 6-13. And other appellate districts have followed *Eads* to retroactively vacate as "void" S.B. 10 sex-offender classifications based on conduct before S.B. 10 became effective. *See State v. Vertock*, 8th Dist. No. 97888, 2012-Ohio-4283, ¶ 6-14; *State v. Dillon*, 5th Dist. No. CT11-0062, 2012 Ohio 773, ¶ 7-19; *see also State v. Stewart*, 10th Dist. No. 11AP-787, 2012-Ohio-4500, ¶ 21 (citing *Eads* in holding that *Bodyke* applies retroactively). We also find *Eads* persuasive.

{¶17} Moreover, *Eads* squares with our understanding of the effect of imposing a sentence that is not authorized by law. The Ohio Supreme Court has long held, and has continued to reaffirm, the principle that an unlawful sentence is "void." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 7 (citing *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 [1964]; *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 [1984], and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8). A void sentence "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, at paragraph one of the syllabus. Thus, regardless of a case's procedural posture, when a trial court has imposed a sentence that it had no authority to impose, and the matter has come to a

court's attention, the sentence must be vacated, and the defendant must be resentenced. *See State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12. *Accord State v. Ward*, 1st Dist. No. C-110158, 2011-Ohio-6382, ¶ 5.

{¶18} S.B. 10's sex-offender registration requirements are part of a sex offender's sentence. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 10-20. And the imposition of S.B. 10's registration requirements on sex offenders who committed their offenses before the effective date of S.B. 10 runs afoul of Ohio's Retroactivity Clause. *Id.* at syllabus. Because Lawson committed his offenses before the effective date of S.B. 10, the trial court could not lawfully impose upon him S.B. 10's registration requirements. Therefore, Lawson's classification under S.B. 10 as a Tier III sex offender is void.

{¶19} *We affirm, but remand for resentencing*. The postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Lawson's claims. Therefore, his postconviction motion was subject to dismissal. *See* R.C. 2953.21(C) and 2953.23(A). Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion, and we affirm the judgment as modified.

{¶20} But the trial court's classification of Lawson under S.B. 10 as a Tier III sex offender is void. We, therefore, vacate the classification and remand this case to the common pleas court for resentencing under Megan's Law. *See State v. Brumbach*, 1st Dist. No. C-100792, 2011-Ohio-6635, ¶ 31.

Judgment accordingly.

Please note:

The court has recorded its own entry on the date of the release of this opinion.