[Cite as *State v. Miller*, 2012-Ohio-5802.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. CT12-0040 |
| JEREMY A. MILLER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                             of Common Pleas, Case No. CR2008-0233

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      November 21, 2012

APPEARANCES:

For Appellant:                        For Appellee:

JEREMY A. MILLER, pro se              D. MICHAEL HADDOX
#589404                               Muskingum County Prosecutor
P.O. Box 5500
Chillicothe, Ohio 45601               RON WELCH
                                      27 N. Fifth St.
                                      Zanesville, OH 43701

*Delaney, P.J.*

{¶1} Defendant-Appellant Jeremy A. Miller appeals the July 16, 2012 judgment entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

{¶2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶3} This appeal shall be considered in accordance with the aforementioned rule.

## FACTS AND PROCEDURAL HISTORY

{¶4} On September 17, 2008, Miller pleaded guilty to the state's Bill of Information which charged Miller with three counts of unlawful sexual conduct with a minor, felonies of the third degree in violation of R.C. 2907.04(A). The Bill of Information alleged Miller had sexual intercourse with a thirteen-year-old victim on December 24, 2007, February 2, 2008, and May 16, 2008. The September 17, 2008 Waiver and Guilty Plea entry informed Miller he would be classified as a Tier II sex offender pursuant to R.C. 2950.01. He would be subject to registration with law enforcement every 180 days for 25 years.

{¶5} The trial court sentenced Miller on October 20, 2008 and the entry was journalized on October 27, 2008. Miller was advised he was being classified as a Tier

II sex offender. The trial court sentenced Miller to three years in prison on count one, three years on count two, and two years on count three. Counts one and two were to be served concurrently and count three was to be served consecutively to counts one and two for an aggregate prison term of five years.

{¶6} Miller did not file a direct appeal of his sentence.

{¶7} On June 26, 2012, Miller filed a Motion to Correct Registration/Classification. He argued pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Adam Walsh Child Protection Safety Act ("AWA"), as enacted by the Ohio General Assembly in Am.Sub. S.B. No. 10 and effective January 1, 2008, may not be applied retroactively. He argued because he committed his offense before January 1, 2008, the provisions of the AWA did not apply and he was subject to the requirements of Megan's Law. The state filed a response on July 11, 2012.

{¶8} The trial court denied the motion on July 16, 2012.

{¶9} It is from this decision Miller now appeals.

## ASSIGNMENT OF ERROR

{¶10} Miller raises one Assignment of Error:

{¶11} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING RETROACTIVE CLASSIFICATION/REGISTRATION."

## ANALYSIS

{¶12} Miller argues in his sole Assignment of Error that the trial court should have granted his motion for reclassification because the trial court erred in retroactively applying the provisions of S.B. 10 by classifying him as a Tier II sex offender.

### *State v. Williams* and Progeny

{¶13} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held, "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. The defendant in *Williams* committed the sexually-oriented offenses before the effective date of S.B. 10. He was designated a Tier II sex offender by the trial court after the effective date of S.B. 10. *Williams* at ¶ 1-2.

{¶14} This Court recently analyzed *Williams* and the retroactivity of S.B. 10 in *State v. Dillon*, 5th Dist. No. CT11-0062, 2012-Ohio-773. In *Dillon*, the issue was whether S.B. 10 was applicable to a defendant who committed his offense before the effective date of S.B. 10, was convicted after the effective date of S.B. 10, but did not raise an argument as to the retroactivity of S.B. 10 in his direct appeal.

{¶15} The defendant in *Dillon* committed a sexual offense on March 13, 2007. On May 30, 2008, he was sentenced and classified as a Tier III sex offender pursuant to S.B. 10. He filed a direct appeal of his conviction and sentence but he did not raise the issue of his classification as a Tier III sex offender. On October 31, 2011, the defendant moved the trial court for resentencing based on *Williams*. The trial court denied the

motion and the defendant appealed. We reversed the trial court's decision and remanded the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offenses were committed. *Id.* at ¶ 19.

{¶16} In our decision reversing the trial court's judgment, we relied upon a decision from the Second District Court of Appeals captioned *State v. Eads*, 2nd Dist. No. 24696, 2011-Ohio-6307. *Eads* held a retroactive classification under the AWA for an offender who committed his offense before the effective date of S.B. 10 was not merely voidable, but void. The case involved a conviction for a failure to notify the sheriff of the offender's change of address. The Second District found the offender's sex offender classification was void and reversed his conviction, even though he had never challenged that classification by direct appeal.

{¶17} In *Dillon*, we agreed with the analysis of *Eads* and held the trial court erred in classifying the defendant as a Tier III Sex Offender under the provisions of S.B. 10 where the offenses the defendant was convicted occurred before the enactment of the legislation. *Dillon* at ¶ 19.

{¶18} The Second District recently reaffirmed *Eads* in *State v. Knowles*, 2nd Dist. 2011-CA-17, 2012-Ohio-2543.

### *State v. Williams* Does Not Apply to Miller

{¶19} We now turn to the facts of the present case to determine if the holdings of *Williams*, *Eads*, and *Dillon* require this Court to find the trial court erred in denying Miller's motion for reclassification. Based on the facts of this case, we find the trial court did not err.

{¶20} Miller argues he committed his offense before January 1, 2008. A review of the record shows that Miller did not commit *one* offense, but *three* separate sexually-oriented offenses.

{¶21} The September 17, 2008 Bill of Information states Miller committed three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). The offenses were committed on December 24, 2007, February 2, 2008, and May 16, 2008. R.C. 2907.04(A) states, "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." Miller was charged with felonies of the third degree because at the time of his offenses, he was ten or more years older than the victim. R.C. 2907.04(B)(3).

{¶22} Miller pleaded guilty to the three offenses listed in the Bill of Information and did not file a direct appeal of his sentence.

{¶23} Under R.C. 2950.01, a Tier II sex offender is defined as follows:

(F) "Tier II sex offender/child-victim offender" means any of the following:

* * *

(b) A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct, or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded

guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or former section 2907.12 of the Revised Code;

{¶24} According to the record, Miller committed two sexually-oriented offenses after the effective date of S.B. 10. The sexually-oriented offenses were in violation of R.C. 2907.04(A). Under R.C. 2950.01, the trial court was required to classify Miller as a Tier II sex offender.

{¶25} Under the facts of this case, the holdings of *Williams*, *Eads*, and *Dillon* are not applicable to Miller. The trial court did not err in overruling Miller's motion for reclassification.

{¶26} Miller's sole Assignment of Error is overruled.

**CONCLUSION**

{¶27} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.
Gwin, J. and
Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                       :

    Plaintiff - Appellee         :        JUDGMENT ENTRY

-vs-                           :

                            :        Case No.   CT12-0040

JEREMY A. MILLER        :

    Defendant - Appellant    :

    For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
  HON. PATRICIA A. DELANEY

_____
  HON. W. SCOTT GWIN

_____
  HON. WILLIAM B. HOFFMAN