[Cite as *State v. Alsip*, 2013-Ohio-1452.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98921

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT ALSIP

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-504804

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    April 11, 2013

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio    44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Robert Alsip appeals from the denial of his motion to vacate an unconstitutional sex offender classification by the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse the judgment of the trial court.

{¶2} Alsip was indicted on December 20, 2007, whereby he was charged with four counts of rape, four counts of kidnapping and two counts of gross sexual imposition. The indictment alleged that all of the violations occurred between April 2002 and February 2004.

{¶3} Following a bench trial, the trial court found Alsip guilty of one count of gross sexual imposition, imposed a prison term of four years and classified him as a Tier III sex offender pursuant to the Adam Walsh Act ("S.B.10").[1]

{¶4} Alsip filed a direct appeal from his conviction that this court affirmed in *State v. Alsip*, 8th Dist. No. 93105, 2011-Ohio-303. Alsip did not raise the issue presented herein in his direct appeal to this court.

{¶5} On March 12, 2012, Alsip filed a motion for correction of void judgment,

---

[1]In 1996, the General Assembly enacted Am.Sub.H.B. 180 ("Megan's Law"), which amended the state's sex offender registration process. *State v. Cook*, 83 Ohio St.3d 404, 406, 1998-Ohio-291, 700 N.E.2d 570. In 2007, the General Assembly enacted Am.Sub.S.B. 10, which repealed Megan's Law and replaced it with Ohio's version of the Adam Walsh Act ("S.B.10"). *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 20. S.B. 10 eliminated the categories of "sexually oriented offender," "habitual sex offender," and "sexual predator" under Megan's Law and replaced them with a three-tier classification system. *Id.* at ¶ 21.

arguing that the trial court improperly classified him pursuant to the Adam Walsh Act because his offense was committed prior to the effective date of S.B. 10. Alsip sought reclassification under Megan's Law. The trial court denied Alsip's motion on March 15, 2012.

{¶6} On August 7, 2012, Alsip filed a motion to vacate unconstitutional sex offender classification, again asserting that he had been improperly classified under the Adam Walsh Act as opposed to Megan's Law. The trial court denied Alsip's motion on August 13, 2012. Appellant now appeals, advancing the following sole assignment of error:

> The lower court erred and denied the appellant due process of law pursuant to the constitutions of the United States and the State of Ohio when it refused to vacate his sex offender classification pursuant to the Adam Walsh Act which was not effective until after the date of the appellant's offense and further abused its discretion in failing to enter findings of fact and conclusions of law.

{¶7} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, [the Adam Walsh Act] as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus; *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 25. Pursuant to *Williams*, defendants whose crimes were committed prior to the Adam Walsh Act's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the Adam Walsh Act. *Williams* at ¶ 22; *State*

*v. Bolton*, 8th Dist. No. 96385, 2012-Ohio-169, ¶ 102-103; *State v. Johnson*, 3d Dist. Nos. 16-11-05 and 16-11-06, 2013-Ohio-136, ¶ 8; *State v. Dillon*, 5th Dist. No. CT11-0062, 2012-Ohio-773, ¶ 19.

{¶8} Where a defendant whose offenses were committed prior to the effective date of the Adam Walsh Act is improperly classified under the Act in violation of *Williams*, such classification is void. *State v. Vertock*, 8th Dist. No. 97888, 2012-Ohio-4283, ¶ 11, citing *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 18 (2d Dist.); *State v. Lawson*, 1st Dist. Nos. C-120077 and C-120067, 2012-Ohio-5281, ¶ 8. The state concedes that Alsip's crimes occurred prior to the enactment of the Adam Walsh Act.

{¶9} A reviewing court has an obligation to recognize void sentences, vacate them, and order resentencing despite procedural irregularities in the petition. *State v. Douse*, 8th Dist. No. 98249, 2013-Ohio-254, ¶ 10, citing *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.).

{¶10} Because the trial court failed to conduct a hearing or issue an opinion as to the denial of the motion to vacate, we have no record before us. Consistent with *Williams*, the remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offense was committed. *State v. Bolton*, 8th Dist. No. 96385, 2012-Ohio-169, ¶ 103; *Johnson*; *Dillon*; and *Lawson*.

{¶11} Alsip's sole assignment of error is sustained.

**{¶12}** The judgment of the trial court is reversed. We vacate Alsip's classification as a Tier III sex offender and remand this case to the common pleas court to conduct a hearing consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J.,CONCUR