[Cite as *State v. Salser*, 2014-Ohio-87.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 12AP-792 |
| | | (C.P.C. No. 07CR-05-3281) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael D. Salser, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 14, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Michael D. Salser*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Michael D. Salser, from a judgment of the Franklin County Court of Common Pleas denying his "motion to correct registration and classification."

{¶ 2} On May 7, 2007, appellant was indicted on 79 counts of pandering obscenity involving a minor, in violation of R.C. 2907.321, 30 counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, one count of importuning, in violation of R.C. 2907.07, and one count of unlawful sexual conduct with a minor, in violation of R.C. 2923.02. On March 4, 2008, appellant entered a guilty plea to two counts of pandering obscenity involving a minor, two counts of disseminating matter harmful to juveniles, one count of importuning, and one count of attempted unlawful

sexual conduct with a minor.  At the time of the plea, the trial court notified appellant that by entering into the plea he would be classified as a Tier II sexual offender by operation of law under Am.Sub. S.B 10 ("S.B. 10"). By judgment entry filed March 6, 2008, the trial court sentenced appellant to a total term of incarceration of seven years.

{¶ 3}   On August 3, 2012, appellant filed a "motion to correct registration and classification," requesting the trial court to sentence him under the correct statutory classification scheme.   On August 6, 2012, plaintiff-appellee, State of Ohio, filed a memorandum in opposition.   By entry filed August 28, 2012, the trial court denied appellant's motion.

{¶ 4}   On appeal, appellant, pro se, sets forth the following assignment of error for this court's review:

> Whether the trial court abused its discretion in applying retroactive classification/registration.

{¶ 5}   Under his single assignment of error, appellant contends the trial court erred in failing to grant his motion to correct his sex offender classification.  We note that the trial court summarily denied appellant's motion without any explanation.  Appellant, however, argued in his motion before the court that he had been sentenced as a Tier II offender for conduct occurring in 2007, in contravention of the Supreme Court of Ohio's decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, holding that the retroactive application of S.B. 10 (also known as the "Adam Walsh Act") violated the Ohio Constitution with respect to sex offenders who committed offenses prior to its enactment.

{¶ 6}   The state argues on appeal that appellant could have raised any retroactivity challenge in 2008 at the time the trial court classified him as a Tier II offender under S.B. 10; the state thus contends that appellant's constitutional argument is waived, and that the motion is also barred by the doctrine of res judicata.  The state further argues that appellant's motion cannot be "resurrected" by construing it as a petition for post-conviction relief, and that such a petition would in any event be subject to dismissal as untimely.

{¶ 7}   In 2011, the Supreme Court held that "2007 Am.Sub.S.B. No. 10, [the Adam Walsh Act] as applied to defendants who committed sex offenses prior to its enactment,[1] violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* at syllabus. *See also State v. Palmer,* 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 25, citing *Williams* at ¶ 21 ("The prohibition on retroactivity of the Ohio Constitution, Article II, Section 28, forbids the application of the Adam Walsh Act to any offense committed before the law's enactment").  The decision in *Williams* was "the first time" the Supreme Court "recognized R.C. Chapter 2950 as a punitive measure."  *State v. Watkins,* 6th Dist. No. L-11-1085, 2013-Ohio-2030, ¶ 18. Pursuant to *Williams,* "defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA." *State v. Johnson,* 3d Dist. No. 16-11-05, 2013-Ohio-136, ¶ 7, citing *Williams.*

{¶ 8}   In applying *Williams,* Ohio appellate courts have held that a retroactive classification of a sex offender under S.B. 10 for an offense committed before the effective date of that act is "void."  *State v. Lawson,* 1st Dist. No. C-120077, 2012-Ohio-5281, ¶ 18 ("Because Lawson committed his offenses before the effective date of S.B. 10, the trial court could not lawfully impose upon him S.B. 10's registration requirements. Therefore, Lawson's classification under S.B. 10 as a Tier III sex offender is void"); *See also State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, ¶ 18 (2d Dist.) (construing *Williams* to hold that retroactive application of S.B. 10 to persons who committed sex offenses prior to the effective date of that statute "is a nullity," and therefore such classification "is void"); *State v. Alsip,* 8th Dist. No. 98921, 2013-Ohio-1452, ¶ 8 ("Where a defendant whose offenses were committed prior to the effective date of the Adam Walsh Act is improperly classified under the Act in violation of *Williams,* such classification is void"); *State v. Carr,* 4th Dist. No. 11CA3256, 2012-Ohio-5425, ¶ 11 ("Because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification under S.B. 10 violates Ohio's Retroactivity Clause and is void").

---

[1] The effective date of Am.Sub.S.B. No. 10's classification, registration, and community notification provisions was January 1, 2008. *In re Bruce S.,* 134 Ohio St.3d 477, 2012-Ohi0-5696, ¶ 12.

{¶ 9} In the present case, appellant was sentenced in 2008 as a Tier II offender for acts alleged to have occurred in 2007, and we note the state does not dispute that the offenses for which appellant was convicted and sentenced were committed prior to the enactment of S.B. 10.[2] In *Williams,* the Supreme Court made clear that "S.B. 10, as applied to Williams and *any other* sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.) *Id.* at ¶ 21. Thus, appellant's classification by the trial court as a Tier II offender for offenses committed prior to the enactment of S.B. 10 was in violation of Ohio's Retroactivity Clause.

{¶ 10} With respect to the state's argument that appellant should have challenged his classification in 2008, we note the Supreme Court "did not recognize the S.B. 10 version of R.C. Chapter 2950 as punitive until its decision in * * * *Williams* * * * which was decided on July 13, 2011. *Watkins* at ¶ 11. Further, we find unpersuasive the state's contention that waiver and/or res judicata bar appellant's attempt to benefit from *Williams* because of his failure to directly appeal his classification. *See Eads* at ¶ 23 (considering broad language in *Williams,* i.e., that it "expressly applies to 'any other sex offender who committed an offense prior to the enactment of S.B. 10' * * * we conclude that *Williams* must be applied to Eads, despite his failure to challenge his classification under S.B. 10 in a direct appeal of his delinquency adjudication"); *Watkins* at ¶ 11, quoting *In re M.D.,* 38 Ohio St.3d 149, 151 (1988) (finding retroactivity issue under *Williams* not waived; " 'even where waiver is clear, [an appellate] court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it' "); *State v. Clemons,* 7th Dist. No. 11 BE 26, 2012-Ohio-5362, ¶ 11 (Supreme Court's holding in *Williams* that S.B. 10 violated Ohio Constitution's prohibition against retroactive laws is "a compelling reason" to allow defendant to bring constitutional challenge "despite his failure to raise it below"); *State v. Dudley,* 2d Dist. No. 24408, 2012-Ohio-3844, ¶ 14 ("Contrary to the

---

[2] All counts of the indictment alleged acts occurring on either April 23, 27 or 30, 2007.

State's argument, res judicata does not apply because the S.B. 10 classification portion of Dudley's 2008 judgment was not a 'valid' prior judgment for res judicata purposes").[3]

{¶ 11} Similarly, the state's argument that appellant's motion should be barred as an untimely petition for post-conviction relief is not well-taken. Ohio appellate courts have distinguished between cases in which a defendant challenges his "sex offender *classification,* which was void because of retroactivity, and his *conviction* for violating sex offender reporting and registration requirements, which was merely voidable, not void." (Emphasis sic.) *State v. Knowles,* 2d Dist. No. 2011-CA-17, 2012-Ohio-2543, ¶ 11. Thus, where a defendant seeks recognition by the trial court that his purported classification under the Adam Walsh Act is void, "which the trial court has inherent authority to do, independently of the provision in R.C. 2953.21 for petitions for post-conviction relief," a trial court "may substitute the correct classification under the sex offender classification law preceding enactment of the Adam Walsh Act." *Id.* at ¶ 12.

{¶ 12} Further, even assuming appellant's motion should be construed as a petition for post-conviction relief, "a trial court retains jurisdiction to correct a void judgment." *Lawson* at ¶ 8 (although trial court did not have jurisdiction to entertain the merits of appellant's untimely post-conviction claims, court did retain jurisdiction to correct void sentence where appellant committed his offenses before effective date of S.B. 10). *See also State v. Weaver,* 7th Dist. No. 11 BE 12, 2011-Ohio-6402 (applying *Williams* and modifying defendant's classification despite the fact he did not file a direct appeal from his original sentencing order and challenged his reclassification through an untimely post-conviction petition). Accordingly, "regardless of a case's procedural posture, when a trial court has imposed a sentence that it had no authority to impose, and the matter has come to a court's attention, the sentence must be vacated, and the defendant must be resentenced." *Lawson* at ¶ 17, citing *State v. Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, ¶ 12.

{¶ 13} Pursuant to *Williams,* "the remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect

---

[3] We note that the Supreme Court has remanded a matter to the trial court to hold a classification hearing despite the defendant's failure to directly appeal his classification under S.B. 10 (but instead filing a petition for re-sentencing in 2012, approximately three years after his conviction). *State v. Lees,* 135 Ohio St.3d 136, 2012-Ohio-5909.

at the time the offense was committed." *Alsip* at ¶ 10. Accordingly, the trial court's classification of appellant as a Tier II offender under S.B. 10 is vacated, and this matter is remanded to the trial court for the limited purpose of holding a hearing to classify appellant pursuant to the law that existed at the time he committed his offenses.

{¶ 14} Based upon the foregoing, we sustain appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed;*
*cause remanded.*

SADLER, P.J., and KLATT, J., concur.

_____