[Cite as *State v. Weaver*, 2011-Ohio-6402.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 BE 12 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JACOB WEAVER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas Court, Case No. 07CR33.

JUDGMENT:    Judgment Modified.


APPEARANCES:
For Plaintiff-Appellee:    Attorney Christopher Berhalter
Prosecuting Attorney
Attorney Helen Yonak
Assistant Prosecuting Attorney
147-A West Main Street
St.. Clairsville, Ohio  43950


For Defendant-Appellant:    Attorney Christopher Gagin
970 Windham Court, Suite 7
Youngstown, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated:  December 5, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Jacob Weaver appeals the Belmont County Common Pleas Court's decision denying his post-conviction motion for reclassification of his sexual offender classification. Weaver contends the trial court did not comply with *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424 when it classified him as a Tier III offender under the Adam Walsh Act (Senate Bill 10) in its sentencing judgment entry. The state disagrees.

¶{2} Regardless of whether the trial court complied with *Bodyke*, the recent Ohio Supreme Court decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374 indicates that the trial court erred when it classified Weaver as a Tier III offender. Accordingly, the judgment of the trial court is hereby modified. The trial court's reclassification of Weaver as a Tier III offender is vacated. The judgment is modified to reinstate the trial court's original determination that Weaver is a sexual predator under old Senate Bill 5 and has a duty to comply with those reporting requirements.

STATEMENT OF THE CASE

¶{3} On February 7, 2007, Weaver was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(B), a first-degree felony. Weaver pled guilty to the charge. 08/10/07 J.E. Sentencing occurred on August 20, 2007; Weaver received an eight year sentence. 08/31/07 J.E. As to sexual offender classification in R.C. Chapter 2950, the trial court stated:

¶{4} "The Court, having examined the criteria for determination of sexually oriented offenses pursuant to R.C. §2950.09(B)(2) at the sentencing hearing, including the victim impact statement, the pre-sentence investigation, Belmont County Sheriff's Department report, the entire record of testimony at Sentencing Hearing, the stipulations and recommendations of counsel, as well as the offenses for which Defendant has been convicted, finds, by clear and convincing evidence, that Defendant is a **'Sexual Predator'**, whose last known residence address is Belmont County, Ohio.

¶{5} "**Within five (5) days of his release from prison, if any, Defendant shall initially register with the Sherriff of the county wherein he resides, and**

**shall verify his initial registration with the Sheriff of the county wherein he resides every (90) days thereafter for the remainder of his life. Defendant is also advised that pursuant to Amended Substitute Senate Bill 10, effective January 1, 2008, he will be designated a Tier III Sex Offender, requiring his registration with the Sheriff of the county wherein he resides every ninety (90) days thereafter for the remainder of his life.**" 08/31/07 J.E.

¶{6}   The record also contains a separate judgment entry titled "**JUDGMENT ENTRY** FOLLOWING SEXUAL PREDATOR HEARING."   08/31/07 J.E.   This entry indicates that the court considered all of the factors in R.C. 2950.09(B)(2), the evidence, and the parties' arguments, including Weaver's admission that he should be designated a Sexual Predator.   Accordingly, the court found by clear and convincing evidence that Weaver is a sexual predator under R.C. 2950.09(B).   It is important to note that this finding was made under Senate Bill 5, the predecessor to Senate Bill 10, aka the Adam Walsh Act.

¶{7}   On February 28, 2011, Weaver filed a post-conviction motion with the trial court seeking reclassification.   He moved for the trial court to reclassify him under the proper guidelines (Senate Bill 5) and vacate the imposed registration and classification as a Tier III offender under Senate Bill 10.

¶{8}   The trial court denied the request stating:

¶{9}   "Pursuant to R.C. §2950.03(A)(2), and in accord with State v. Bodyke, et al., 2010-Ohio-2424, 126 Ohio St.3rd [sic] 266, decided June 3, 2010 (declaring R.C. 2950.031 and 2950.032 unconstitutional), this Court hereby finds that the original determination of Defendant's sexual orientation as a 'Sexual Predator' and the Reclassification of Defendant as a Tier III Offender, imposed by this Court in its Sentencing Entry on August 30, 2007, is Valid.   Bodyke is not applicable to a 'court imposed reclassification' in accord with the statute in effect at the time of the Defendant's Sentencing." 03/17/11 J.E.

¶{10}   Weaver timely appealed from that judgment.

ASSIGNMENT OF ERROR

¶{11} "THE TRIAL COURT MISAPPLIED THE REMEDIAL HOLDING IN *STATE V. BODYKE, ET AL.*, 126 OHIO ST.3D 266, 2010-OHIO-2424, 933 N.E.2D 753 BY FINDING AND/OR SUSTAINING DEFENDANT-APPELLANT'S RECLASSIFICATION AS A 'TIER III' OFFENDER UNDER R.C. CHAPTER 2950."

¶{12} In *Bodyke*, the Ohio Supreme Court stated:

¶{13} "[W]e conclude that R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine." 126 Ohio St.3d 266, 2010-Ohio-2424, ¶60.

¶{14} Here, Weaver committed the crime, entered a guilty plea and was sentenced prior to the January 1, 2008 effective date of the Adam Walsh Act (Senate Bill 10). When he was sentenced, following a sexual offender classification hearing, he was informed that he was a sexual predator under Senate Bill 5 and accordingly was subject to those reporting requirements. However, he was also advised that pursuant to the "Amended Substitute Senate Bill 10" he will be designated a Tier III Sex Offender on its effective date. In the trial court's denial of the reclassification motion, the trial court indicated that Weaver is a Tier III offender.

¶{15} *Bodyke* does indicate that R.C. 2950.032 is unconstitutional. However, that case only discusses the attorney general's reclassification. The reason R.C. 2950.032 was rendered unconstitutional was because the statutory authorization for the attorney general to reclassify an offender violates the separation of powers doctrine by revisiting a prior judicial decision. *Bodyke,* however, does not address judicial reclassification. Thus, the state and the trial court are of the position that *Bodyke* does not impact the trial court's previous decision.

¶{16} However, we do not need to decide whether that position is correct. Recently, the Ohio Supreme Court was asked to decide whether Senate Bill 10 was unconstitutionally retroactive when it was applied to an offender who committed a sex crime about one month prior to the January 1, 2008 enactment date of Senate Bill 10. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. In response to that question, the Ohio Supreme Court held that Senate Bill 10 is punitive in nature. Id. at ¶15. "The statutory

scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.' *Cook,* 83 Ohio at 418. And it has changed markedly since this court concluded in *Ferguson* that R.C. Chapter 2950 was remedial." Id. Senate Bill 10 has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction. Id. at ¶21. Thus, the Court held that applying Senate Bill 10 to any sex offender who committed an offense prior to its enactment violates Section 28, Article II of the Ohio Constitution, the prohibition against the enactment of retroactive laws. Id.

¶{17} Consequently, as Weaver committed his crime in 1999, was indicted in 2007, pled in 2007, and was sentenced in 2007, Senate Bill 5 applies, not Senate Bill 10. Thus, the judicial reclassification of a Tier III offender is not permitted.

¶{18} At this point, we must acknowledge that Weaver did not appeal the original sentencing order and that the February, 2011 motion is an untimely postconviction motion under R.C. 2953.21 and R.C. 2953.23, that does not provide a basis for excusing the untimely nature of the motion. However, given the particular issue that is raised in the motion and the Ohio Supreme Court's decision in *Williams*, relief is allowed; the motion for reclassification is a special relief mechanism for offenders who were improperly judicially reclassified under Senate Bill 10.

¶{19} Accordingly, we find that this assignment of error has merit. Weaver's Tier III classification is vacated. In *Williams*, the court remanded the matter for an offender classification hearing under Senate Bill 5. Such action does not need to be taken in this case because, as explained above, the trial court did hold a sexual offender classification hearing under the guidelines of Senate Bill 5, found by clear and convincing evidence that Weaver is a sexual predator and advised him of the reporting requirements under that version of Ohio's sexual offender classification law. Thus, since that determination was made and was not appealed, we do not need to remand for another sexual offender classification hearing under Senate Bill 5. Rather, we are modifying the judgment to reinstate the previous sexual predator classification under Senate Bill 5 and those corresponding reporting requirements.

¶{20} For the foregoing reasons, the judgment of the trial court is hereby modified.

Waite, P.J., concurs.
DeGenaro, J., concurs.