[Cite as *State v. Moore*, 2013-Ohio-1431.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 91 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| BRANDON MOORE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                                                        Court, Case No. 02 CR 525.

JUDGMENT:                                    Affirmed in Part, Reversed in Part
                                                        And Remanded for Resentencing.

APPEARANCES:
For Plaintiff-Appellee:                     Attorney Paul J. Gains
                                                        Prosecuting Attorney
                                                        Attorney Ralph M. Rivera
                                                        Assistant Prosecuting Attorney
                                                        21 W. Boardman St., 6th Floor
                                                        Youngstown, OH 44503

For Defendant-Appellant:                Brandon Moore, Pro-se
                                                        A434-865
                                                        Mansfield Correctional Institution
                                                        P.O. Box 788
                                                        Mansfield, OH 44901

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                                                        Dated: March 27, 2013

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant, Brandon Moore, appeals the decision of the Mahoning County Court of Common Pleas denying his post-conviction motions to correct the void portion of his sentence and for resentencing. On appeal, he argues that the trial court erred by construing his motions as untimely post-conviction petitions. He contends the trial court failed to merge his firearm specifications into a mandatory three-year term of incarceration and erred by classifying him as a Tier III sex offender under Senate Bill 10.

{¶2} Moore's arguments are only meritorious in part. The trial court properly construed Moore's motion to correct the void portion of his original sentence as a post-conviction petition because the sentence was not void; it merely was erroneous and remedied in Moore's direct appeal. The trial court also correctly found it lacked jurisdiction to consider the petition because it was untimely; moreover it was barred by res judicata, as the error could have been addressed in three previous appeals. However, the trial court did err in classifying Moore under S.B. 10, as it cannot be applied retroactively to offenders who committed their offenses before its effective date. Further, the State failed to ask the trial court to classify Moore until 2008, when it should have done so in 2002. Under S.B. 5, Moore is entitled to a classification hearing. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and Moore's designation as a Tier III sex offender pursuant to S.B. 10 is vacated. This matter is remanded to the trial court for the limited purpose of holding a sex offender classification hearing, and to classify Moore pursuant to S.B. 5.

## Facts and Procedural History

{¶3} Because of major statutory and Supreme Court case law changes to felony sentencing over the years, Moore has been before this court on multiple appeals. In October 2002, Moore was convicted following a jury trial of 12 counts of aggravated robbery, rape, complicity to rape, kidnapping, conspiracy to commit aggravated robbery, and aggravated menacing, along with 11 firearm specifications pursuant to R.C. 2941.145(A). On October 29, 2002, the trial court imposed maximum consecutive sentences on all counts, except for the misdemeanor menacing charge, which was to be

served concurrently with the other sentences. The trial court also imposed consecutive sentences on the 11 firearm specifications. The aggregate sentence was 141 years.

{¶4}    On direct appeal, this court affirmed in part, reversed in part, and remanded the matter for resentencing. In response to Moore's argument that the trial court failed to merge his firearm specifications, this court directed that upon remand, the trial court was limited to imposing, at most, one prison term for the firearm specifications contained in counts two and three of the indictment and, at most, three separate prison terms for the firearm specifications in counts one, four, five, six, seven, eight, nine, and ten. *State v. Moore (Moore I)*, 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85, ¶115 (7th Dist.). Moore applied to reopen his direct appeal based on an alleged speedy trial violation, which was denied. *State v. Moore*, 7th Dist. No. 02 CA 216, 2005-Ohio-5630.

{¶5}    Upon remand for resentencing, at the September 7, 2005 hearing and in the judgment entry entered that day, the trial court merged some of the firearm specifications and acknowledged the dismissal of one count, as directed by this court. The trial court then sentenced Moore to maximum, consecutive sentences on the remaining counts for an aggregate sentence of 112 years. Moore then filed his second appeal. This court vacated his sentence based on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and remanded the matter for resentencing. *State v. Moore (Moore II)*, 7th Dist. No. 05 MA 178, 2007-Ohio-7215.

{¶6}    The trial court held a resentencing hearing on January 24, 2008, and it re-imposed the 112 year prison term and designated Moore as a Tier III sexual offender. Moore filed a third appeal, and this court upheld his sentence. *State v. Moore (Moore III)*, 7th Dist. No. 08 MA 20, 2009-Ohio-1505.

{¶7}    On December 30, 2009, Moore filed a petition for writ of mandamus and/or procedendo with this court, seeking to compel the trial judge to issue a final appealable judgment entry of sentence in compliance with Crim.R. 32(C) as set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Moore argued that he was entitled to a new sentencing hearing and a revised sentencing entry that specified his manner of conviction. This court granted the writs in part and ordered the trial court to

issue a revised sentencing entry that complied with Crim.R. 32(C). *State ex rel. Moore v. Krichbaum (Moore IV)*, 7th Dist. No. 09 MA 201, 2010-Ohio-1541.

**{¶8}** On April 7, 2010, Moore filed a pro-se motion to dismiss all further proceedings due to unreasonable delay in sentencing. On April 20, 2010, the trial court issued a nunc pro tunc judgment entry to comply with Crim.R. 32(C) and re-imposed the 112 year term of incarceration. Moore then appealed on May 17, 2010. On May 19, 2010, the trial court overruled appellant's motion to dismiss all further proceedings due to unreasonable delay in sentencing. This court dismissed Moore's appeal on the basis of *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. This court found that the nunc pro tunc judgment entry issued to comply with Crim.R. 32(C) was not a final order subject to appeal. *State v. Moore (Moore V)*, 7th Dist. No. 10-MA-85, 2011-Ohio-6220.

**{¶9}** This brings us to the instant matter and Moore's sixth appeal. On March 30, 2012, Moore filed a pro-se motion for resentencing, arguing that the trial court designating him a Tier III sex offender was error pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. He also filed a pro-se motion to correct the void portion of sentence, claiming the trial court failed to correctly merge his firearm specifications. On April 26, 2012, the State filed motions to dismiss in response to each of these motions.

**{¶10}** On May 2, 2012, the trial court issued two judgment entries, granting the State's motions to dismiss and denying Moore's request for resentencing. The trial court construed Moore's motions as post-conviction petitions. It found that these post-conviction petitions were untimely and that Moore had failed to explain why the trial court should excuse his delay in filing. Thus, the court found that it lacked jurisdiction to consider these untimely post-conviction petitions. Furthermore, the court found that Moore's arguments were barred by res judicata as he could have raised these arguments in his previous appeals.

**Void versus Voidable Judgments**

**{¶11}** In his first of two assignments of error, Moore argues:

**{¶12}** "The trial court's failure to adhere to the mandatory provisions of R.C. 2941.145(A) and R.C. 2929.14(D)(1)(a)(ii)(b) renders the sentence attempted for the firearm specifications attached to counts 1-10 void and has deprived the appellant of his state created liberty interest in being subject to no sentence other than a mandatory three (3) years of imprisonment and/or three (3) years of actual incarceration in violation of appellant's right to due process as guaranteed by the 14th Amendment to the United States Constitution, thus, the trial court erred to the prejudice of appellant by denying his motion to correct void portion of sentence."

**{¶13}** Moore argues the trial court erred by failing to merge all his firearm specifications into a single mandatory three year term of incarceration. He contends that the January 24, 2008 sentence on the firearm specifications is void and therefore should be vacated, and the case remanded for resentencing. Moore further argues that because his sentence is void, the trial court erred by construing his motion as an untimely post-conviction petition and finding that res judicata applied. In response, the State argues that the trial court properly denied his motion to correct the void portion of his sentence as an untimely filed post-conviction petition, and further argues that Moore's argument is barred by res judicata.

**{¶14}** This Court has held that "the doctrine of res judicata does not apply to a void sentence." *State v. Davis*, 7th Dist. No. 11-MA-53, 2012-Ohio-4112, ¶9, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus. However, in a similar case where the defendant filed a post-conviction petition, arguing the trial court's failure to merge firearm specifications rendered his sentence void, the Ninth District held:

[T]he Supreme Court of Ohio has recently addressed a similar issue in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1. In *Underwood*, the Court held that a trial court commits plain error when it fails to merge allied

offenses of similar import. Id. at ¶31. We see no reason to hold that the failure to merge firearms specifications results in a void sentence when the Supreme Court has held that failure to merge allied offenses of similar import instead results in plain error.

*State v. Abuhilwa*, 9th Dist. No. 25300, 2010-Ohio-5997, ¶8.

**{¶15}** This rationale is persuasive. There is a fundamental difference between a void judgment and one that merely contains an alleged error. Accordingly, any errors that the trial court may have committed regarding merger of Moore's convictions on the firearm specifications would result in error subject to appellate review and remand for correction if necessary, rather than a void judgment which would need to be vacated.

### Untimely Post-Conviction Petition & Res Judicata

**{¶16}** The trial court properly construed Moore's motion to correct void portion of his sentence as a post-conviction petition. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, at syllabus. Moore's motion meets this definition because the motion was filed after his direct appeal, and the motion asserts that a portion of his sentence is void and should be vacated due to a denial of his constitutional rights. *Reynolds* at 160.

**{¶17}** R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]"

**{¶18}** A petition for post-conviction relief does not allow a defendant to rehash the direct appeal of his criminal conviction, and only allows for a collateral civil attack on the judgment. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶48,

quoting *State v. Steffen,* 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. Post-conviction relief is a narrow remedy, and res judicata bars any claim that was or could have been raised at the time of trial or a direct appeal. *Id.* at 410.

**{¶19}** Except as otherwise provided in R.C. 2953.23, a post-conviction petition must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal. R.C. 2953.21(A)(2).

**{¶20}** If a defendant's request is untimely, or if it is a second or successive petition for post-conviction relief, R.C. 2953.23(A) prohibits the trial court from considering the petition unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner then must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the appellant satisfies the requirements of R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely or successive petition for post-conviction relief. *State v. Haschenburger,* 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶12; *State v. Kemp,* 7th Dist. No. 09-MA-21, 2009-Ohio-6399, ¶14.

**{¶21}** Here, Moore's post-conviction petition was clearly filed outside of the time limit provided in R.C. 2953.21(A)(2). His direct appeal was filed in 2002 and his post-conviction petition was filed in March, 2012. Because Moore's petition is untimely, he was required to show that he satisfied the requirements of R.C. 2953.23(A)(1) before the trial court could consider the merits of his petition. Moore's petition makes no argument that there is a new retroactive federal or state right that applies to him. Further, Moore did not present any new facts regarding the merits of his case, or any explanation as to why such facts were previously undiscoverable. Thus, the trial court properly found that it lacked jurisdiction to rule on Moore's petition.

**{¶22}** Furthermore, the trial court properly found that Moore's claim was barred by

the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Davis* at ¶8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶23}** Moore alleged error regarding the firearm specifications in his direct appeal, arguing that "pursuant to R.C. 2929.14(D)(1)(b), a court is not permitted to impose more than one sentence for multiple firearm specifications if the specifications refer to the same criminal act or transaction." *Moore I*, 161 Ohio App.3d 778, at ¶33. Subsequent to the direct appeal, the matter was remanded to the trial court, which merged some of the firearm specifications according to the directive of this court. After the resentencing, Moore filed three more appeals and did not allege any error regarding the firearm specifications in any of the appeals preceding this one. Accordingly, Moore's claim is barred by res judicata.

**{¶24}** The trial court's original October 29, 2002 sentencing entry was not void with respect to the firearm specifications; it was merely erroneous, and the error was addressed in Moore's direct appeal. *Moore 1.* Moreover, Moore is barred by res judicata from challenging that portion of his sentence; not only was the issue resolved in *Moore I,* Moore did not raise the issue in the three appeals before raising it again in this appeal. Finally, the trial court did not err in construing Moore's filing as a petition for post-conviction relief as the judgment was not void. Further the trial court properly concluded it lacked jurisdiction to address the petition because it was untimely, and moreover, finding that the claim was barred by res judicata. Accordingly, Moore's first assignment of error is meritless.

### Motion for Resentencing – Sex Offender Classification

**{¶25}** In his second assignment of error, Moore argues:

**{¶26}** "The registration requirements of S.B. 10 imposed on appellant by the trial court during the January 24, 2008 re-sentencing hearing, has imposed new and/or

additional burdens, duties, obligations and liabilities as to a transaction that occurred prior to the enactment of S.B. 10 in violation of Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws, thus the trial court erred to the prejudice of appellant by denying his motion for re-sentencing and abused its discretion."

{¶27} Moore argues that the trial court erred by classifying him as a Tier III sex offender in its January 2008 resentencing pursuant to S.B. 10, known as the Adam Walsh Act. He contends that based upon the Ohio Supreme Court's 2011 decision in *Williams*, S.B. 10 cannot be applied retroactively to defendants who committed their offenses before its effective date.

{¶28} In 1996, the General Assembly enacted H.B. 180, known as Megan's Law, which created a comprehensive system of registration and classification for sex offenders. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶6-7. Megan's Law was significantly amended in 2003 by S.B. 5. Then in 2007, S.B. 10 was enacted, creating additional reporting and registration requirements for sex offenders. *Williams* at ¶7. S.B. 10 also replaced Megan's Law's classification system and requirement for classification hearings with a new classification system that divides offenders into Tier I, Tier II, and Tier III offenders based solely upon their offense. *Bodyke* at ¶20-21.

{¶29} In 2011 in *Williams*, the Ohio Supreme Court determined whether applying the registration requirements of the Adam Walsh Act to a defendant who committed his offense prior to the enactment of S.B. 10 was unconstitutionally retroactive. *Id.* at ¶7. The Court concluded that applying S.B. 10 to any sex offender who committed an offense prior to its enactment "violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." *Id.* at ¶22. Thus, the Court reversed the defendant's sex offender classification under S.B. 10 and remanded the case for resentencing under the law in effect at the time the defendant committed the offense. *Id.* at ¶23.

{¶30} This court applied the holding in *Williams* to a defendant who was reclassified from his original classification under S.B. 5 to a Tier III sex offender after the

effective date of S.B. 10, and challenged the reclassification via a post-conviction petition. *State v. Weaver*, 7th Dist. No. 11 BE 12, 2011-Ohio-6402, ¶6-7. This court reasoned that although Weaver's post-conviction petition was untimely; "given the particular issue that is raised in the motion and the Ohio Supreme Court's decision in *Williams,* relief is allowed; the motion for reclassification is a special relief mechanism for offenders who were improperly judicially reclassified under Senate Bill 10." *Id.* at ¶18. Because the trial court had already held a proper sexual offender classification hearing under S.B. 5 and Weaver did not appeal that determination, it was not necessary to remand for another hearing under S.B. 5. Accordingly, this court vacated the Tier III classification and modified the judgment to reinstate the previous classification under S.B. 5. *Id.* at ¶19.

**{¶31}** Here, Moore committed his offenses in August 2001, prior to the enactment of S.B. 10. *Moore*, 161 Ohio App.3d 778, at ¶2. Moore alleges that at his original sentencing in 2002 and at his resentencing in 2005, the trial court classified him as a sexual predator without holding a sexual offender classification hearing; and at his resentencing on January 24, 2008, the trial court classified him as a Tier III sex offender under the current version of the law, S.B. 10.

**{¶32}** Based on *Williams*, which mandates that its holding be retroactively applied, the trial court erred in reclassifying Moore under S.B. 10 because he committed his offenses prior to the enactment of S.B. 10. Pursuant to *Weaver*, Moore properly challenged this improper classification via a post-conviction motion for resentencing. *See also State v. Knowles*, 2d Dist. No. 2011-CA-17, 2012-Ohio-2543, ¶9-10 (retroactive classification of a sex offender under S.B. 10 is void). The issue we must now address is the remedy given Moore's allegation that a classification hearing was never held pursuant to S.B. 5; thus he has requested that the S.B. 10 Tier III classification not only be vacated, but that the matter be remanded for a classification hearing pursuant to S.B. 5.

**{¶33}** A review of the record reveals the following with respect to Moore's classification as a sex offender. First, at the October 23, 2002 sentencing hearing and in the October 29, 2002 sentencing entry the trial court did not address classifying Moore with any sex offender status pursuant to S.B. 5, Megan's Law. Second, no classification

was made in the September 7, 2005 resentencing entry, although the following exchange took place during the hearing held on that date, at which Moore was present:

COURT:      This was a matter that was subject to a sexual offender finding; was it not?

STATE:      I believe it would have been Your Honor.

COURT:      And I believe that there was a sexually oriented offender classification.  Does anyone recall?

STATE:      It's not written in my notes.

COURT:      That was not addressed by our Court of Appeals.  I don't believe it was raised on appeal; was it?

STATE:      No, Your Honor.

COURT:      Do you know if it was?

DEFENSE:   It was not.

COURT:      Then we don't need to address that, I don't believe, since that part was not appealed from.

{¶34}  Further, nothing appears on the docket with respect to Moore's classification with a particular sex offender status following the 2002 and 2005 hearings.

{¶35}   Finally, with respect to the sentencing hearing on January 24, 2008, the following exchange took place:

STATE:      I do also believe since he is being sentenced after January 1st,, 2008, he would be a Tier 3 offender for classification purposes and registering purposes if he were ever to be released, and it is the duty of the department of Corrections to notify him before his release.

COURT:      Was there a finding at his earlier sentencing that he was a sexual offender or sexual predator?

STATE: *We determined that from the earlier sentencings he was a sexually-oriented offender because a sexual predator hearing was not*

*done because of the amount of time he was sentenced to.* But I believe it would be an automatic Tier 3 because he's sentenced after January 1st, 2008. (emphasis added).

**{¶36}** In its February 5, 2008 sentencing entry filed after the hearing, the trial court stated: "In accordance with recently adopted legislation by the State of Ohio, Defendant is now classified as a Tier Three sexual offender." The trial court made that automatic finding consistent with the statutory law in effect at the time Moore was resentenced; subsequent to this hearing the Ohio Supreme Court issued *Williams.*

**{¶37}** Thus, it appears that because of the length of Moore's sentence, the State never asked the trial court to classify Moore with a particular sex offender status under Megan's Law when he was originally sentenced in 2002; the request was only made for the first time by the State in 2008. The trial court inquired about the issue at the 2005 hearing, but the State represented to the trial court that the issue was neither appealed nor addressed in *Moore I;* the State did not bring it to the trial court's attention that a classification had not been made, in fact inferring it had been done. It appears from the record that the first time the State asked the trial court to classify Moore with a particular sex offense status was in 2008. It should have asked the trial court to do so in 2002, irrespective of the length of Moore's sentence.

**{¶38}** Given that the State never asked the trial court to classify Moore with a particular sex offense status under Megan's Law, we cannot merely vacate the S.B. 10 Adam Walsh Act classification and re-impose Moore's prior status; the trial court never had the opportunity to do so. Pursuant to the mandate in *Williams* and given that Moore never had a sex offender classification hearing, we are required to remand the case to the trial court for resentencing on this single issue. Accordingly, the trial court's designation of Moore as a Tier III sex offender under S.B. 10, Adam Walsh Act, is vacated; this matter is remanded to the trial court for the limited purpose of holding a sex offender classification hearing, and to classify Moore pursuant to S.B. 5.

## Conclusion

{¶39} Moore's arguments are only meritorious in part. The trial court properly construed Moore's motion to correct the void portion of his original sentence as a post-conviction petition because the sentence was not void; it merely was erroneous and remedied in Moore's direct appeal. The trial court also correctly found it lacked jurisdiction to consider the petition because it was untimely; moreover it was barred by res judicata, as the error could have been addressed in three previous appeals. However, the trial court did err in classifying Moore under S.B. 10, as it cannot be applied retroactively to offenders who committed their offenses before its effective date. Further, the State failed to ask the trial court to classify Moore until 2008, when it should have done so in 2002. Under S.B. 5, Moore is entitled to a classification hearing. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and Moore's designation as a Tier III sex offender pursuant to S.B. 10 is vacated. This matter is remanded to the trial court for the limited purpose of holding a sex offender classification hearing, and to classify Moore pursuant to S.B. 5.

Vukovich, J., concurs.

Waite, J., concurs in judgment only.