[Cite as *State v. Battigaglia*, 2021-Ohio-1781.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROMERO A. BATTIGAGLIA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 101**

---

Civil Appeal from the
Mahoning County Municipal Court #4
Case No. 2013 CRB 298

**BEFORE:**
Mary J. Boyle, Larry A. Jones, Sr., Eileen T. Gallagher, Judges.
Judges of the Eighth District Court of Appeals Sitting by Assignment.

**JUDGMENT:**
Affirmed

---

*Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 W. Boardman St. 6th Fl., Youngstown, Ohio 44503-1426, for Plaintiff-Appellee and

*Pro se, Romero A. Battigaglia A717-741*, London Correctional Institution 1580 State Route 56 SW, London, Ohio 43140, for Defendant-Appellant.

Dated: May 24, 2021

**Mary J. Boyle, A.J.**

{¶ 1} Petitioner-appellant, Romero Battigaglia, appeals from the trial court's judgment denying his "Motion to Run Probation Violation Concurrent and/or Vacate Probation." He raises one assignment of error for our review:

> The municipal court abused its discretion when it denied appellant's motion to vacate costs, fines and/or probation.

{¶ 2} We note that Battigaglia did not file a "motion to vacate costs, fines and/or probation." He filed a "motion to run probation violation concurrent and/or vacate probation." Thus, we interpret his assigned error as stating the trial court abused its discretion when it denied his "motion to run probation violation concurrent and/or vacate probation."

{¶ 3} We find no merit to his appeal and affirm.

## I. Procedural History

{¶ 4} In June 2013, Battigaglia pleaded guilty to one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. Battigaglia faced a maximum penalty of up to 180 days in jail, up to five years of community control sanctions, a $1,000 fine, and court costs. R.C. 2929.24(A)(1); R.C. 2929.25; R.C. 2929.28(A)(2)(a)(i); R.C. 2947.23. The trial court sentenced him to 90 days in jail with 87 days suspended; 12 months of probation; and imposed a $250 fine and

$70 in court costs.[1]  The trial court further ordered Battigaglia to complete anger management and have no contact with the victim for 24 months.

{¶ 5} Approximately six months later, in January 2014, the Mahoning County Probation Department filed a "Notice of Hearing for Violation of Probation," notifying Battigaglia that he needed to appear for a hearing on March 24, 2014, to "answer a charge of violation of probation."  In the notice, Battigaglia's probation officer stated that Battigaglia committed the following violations: failure to (1) report monthly to probation, (2) pay fines, costs, and fees, (3) respond to notices sent, and (4) attend anger management.  Battigaglia failed to appear for the hearing, and the trial court issued a capias warrant for Battigaglia's arrest on March 26, 2014.

{¶ 6} In June 2020, Battigaglia filed a "Motion to Run Probation Violation Concurrent and/or Vacate Probation."  In his motion, Battigaglia stated that he was sentenced to nine years in prison in 2014.  He informed the trial court that he filed his motion because he wished to "have a clean slate upon the end of his prison term." He further maintained that the warrant was preventing him from transitional control, judicial release, as well as educational and programming opportunities.  The trial court denied his motion without opinion, and Battigaglia appealed.

**II. Analysis**

{¶ 7} In his sole assignment of error, Battigaglia is challenging the trial court's order issuing a capias for his arrest.  In doing so, he is asking this court to

---

[1] We note that although the trial court and Battigaglia use the term "probation," the correct term is actually "community control sanctions."  We will, however, track the language that the trial court and Battigaglia use for purposes of this appeal.

order the trial court to vacate his probation and the capias so that he can be eligible for transitional control, judicial release, educational programming, and certain jobs within prison. This court, however, has no authority to do as Battigaglia requests. Moreover, the trial court did not have jurisdiction to address Battigaglia's motion because he did not meet the threshold requirements under R.C. 2953.23(A)(1) to file his motion.

{¶ 8} A vaguely titled motion may be construed as a petition for postconviction relief where the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Moore*, 7th Dist. Mahoning No. 12 MA 91, 2013-Ohio-1431, ¶ 16. Battigaglia's motion meets these four requirements, and we therefore construe it as a petition for postconviction relief.

{¶ 9} R.C. 2953.21 through 2953.23 set forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10

20 MA 101

Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 10} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *Gondor* at ¶ 58. However, whether the trial court possessed subject matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 11} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Battigaglia filed his petition approximately seven years later. Thus, his petition is untimely.

{¶ 12} Because the timeliness and successive-petition requirements of R.C. 2953.23 are jurisdictional, a trial court does not have jurisdiction to entertain an untimely or successive petition for postconviction relief that does not meet the exceptions set forth in R.C. 2953.23(A). *Moore*, 7th Dist. Mahoning No. 12 MA 91, 2013-Ohio-1431, at ¶ 21.

{¶ 13} R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely or successive petition only if:

20 MA 101

(1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 14} If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he or she was convicted. R.C. 2953.23(A)(1)(b).

{¶ 15} Thus, unless it appears from the record that Battigaglia was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Battigaglia and, if one of those applies, that but for constitutional error at trial, no reasonable factfinder would have found Battigaglia guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

{¶ 16} After review, we find that Battigaglia did not meet the threshold requirements to petition the court for postconviction relief. Specifically, Battigaglia does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.

{¶ 17} Even if Battigaglia had met one of the threshold conditions, he would not have met the second requirement "that but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty" because Battigaglia did not

go to trial; he pleaded guilty. *See State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 17 ("Rackley pleaded guilty, and thus, R.C. 2953.23(A) does not apply."); *State v. Hairston*, 10th Dist. Franklin No. 13AP-225, 2013-Ohio-3834, ¶ 8 (where appellant was convicted pursuant to his guilty plea, not a trial, "the exception found in R.C. 2953.23(A)(1) does not allow the trial court to consider appellant's * * * petition"); *State v. Demyan*, 9th Dist. Lorain No. 11CA0100096, 2012-Ohio-3634, ¶ 4 (because defendant pleaded guilty instead of going to trial, he could not demonstrate that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty"); *State v. Clark*, 5th Dist. Stark No. 2007 CA 00206, 2008-Ohio-194, ¶ 18 (appellant cannot satisfy the requirement that but for constitutional error no reasonable factfinder would have found the petitioner guilty of the offense at trial because appellant was convicted based on his entry of a guilty plea to the charges in the indictment); *State v. Pough*, 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933, ¶ 17 ("Where a petitioner's conviction results from a guilty plea rather than trial, R.C. 2953.23(A)(1)(b) does not apply.").

{¶ 18} We note that Battigaglia contends that the trial court has the jurisdiction and discretion to waive costs under R.C. 2947.23(C), even years after a conviction. While that is true, Battigaglia did not file a motion asking the court to waive court costs. In fact, in his motion, he did not even mention waiver of court costs.

{¶ 19} Accordingly, we overrule Battigaglia's sole assignment of error.

{¶ 20} Judgment affirmed.

20 MA 101

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Mahoning County Municipal Court #4 to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS

*Judges of the Eighth District Court of
Appeals sitting by assignment.

LARRY A. JONES, SR., J., DISSENTING:

{¶ 21} I respectfully dissent. I recognize that under Ohio law, typically, pro se litigants, as Battigaglia was at the trial-court level and is now here on appeal, are held to the same standard as all other litigants; that is, they must comply with the rules of procedure and must accept the consequences of their own mistakes. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Nonetheless, courts, including this district, often afford pro se litigants some leniency. *State v. Nash*, 8th Dist. Cuyahoga No. 98658, 2013-Ohio-1346, ¶ 7.

{¶ 22} I agree with the majority's statements of law on postconviction petitions, which it deemed Battigaglia's "motion to run probation violation

20 MA 101

concurrent and/or vacate probation" to be untimely. When deemed as such, I agree that Battigaglia's motion was untimely. But I would not take such a formalistic approach to his motion.

{¶ 23} In his motion, Battigaglia stated that the arrest warrant issued in this 2013 misdemeanor case, which still pends, served as a "bar to any considerations for transitional control or judicial release on his current incarceration (for a subsequent felony case) as well as educational and programming opportunities." He further contended that the pending warrant "also adversely affects his ability to renew his driver's license and or privileges upon his eventual release" for his subsequent felony confinement.

{¶ 24} Construing Battigaglia's motion as a postconviction petition, the majority concludes that the trial court lacked jurisdiction under R.C. 2953.23(A)(1) that governs the time for filing such a petition. However, under R.C. 2929.25(D)(2)(c), "[i]f an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more * * * penalties * * *." Thus, the trial court still had jurisdiction over Battigaglia as an alleged violator of his community control sanctions. The fact that his community control sanctions would have been completed at the time he filed his motion is of no consequence. The term of community control is tolled when a defendant absconds. R.C. 2951.07; *see also State v. Malcolm*, 5th Dist. Licking No. 03CA09, 2003-Ohio-5629, ¶ 48 ("This Court has held the issuance of a capias itself is sufficient to toll the probation period.").

20 MA 101

**{¶ 25}** I note that

> "[t]he policy favoring community-control sanctions is a reflection of the general policy in R.C. 2929.11(A) that a sentence should be composed of the 'minimum sanctions' necessary to protect the public and punish individuals while not placing an 'unnecessary burden' on state and local resources."

*State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 10, quoting R.C. 2929.11(A). The sanctions must reasonably relate to the goals of community control, i.e., rehabilitation, administering justice, and ensuring good behavior. *State v. Ettenger*, 10th Dist. Franklin No. 18AP-326, 2019-Ohio-2085, ¶ 8, citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16. Moreover, community control sanctions "'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Ettenger* at *id.*, quoting *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990).

**{¶ 26}** Here, Battigaglia was sentenced for this misdemeanor case in 2013. He allegedly violated the terms of his community control sanctions in 2014, the same year he was sentenced to a nine-year prison term for a felony conviction. It would seem that the purposes for the imposition of community control sanctions in this case would have been consumed by his term of imprisonment on the felony conviction.

**{¶ 27}** I am concerned about the collateral consequences that offenders suffer after they have "paid their debt" and are released back into society. Of particular concern to me are the hurdles released offenders face with regard to employment and housing. The traditional barriers faced by these individuals have

been punitive and, in my opinion, are not sound public policy. Moreover, according to Battigaglia, he is suffering the collateral consequences of this misdemeanor case even while confined for his felony conviction in that it affects consideration of him for "educational and programming opportunities" while in prison. The criminal justice system should aim to support offenders' smooth transition back into society.

{¶ 28} Here, the trial court summarily denied Battigaglia's motion without opinion. Because I believe the trial court had jurisdiction to consider his motion, I would remand the case to the trial court with instructions to provide reasons for its denial so that this court can appropriately review the court's decision.

{¶ 29} In regard to court costs, I recognize that Battigaglia did not request the vacation of his court costs at the trial-court level, as he now does on appeal, and that we generally do not consider arguments on appeal that were not raised below. *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 67. Nonetheless, I note, as does the majority, that the trial court has jurisdiction and discretion to waive the costs, even years after a conviction. *See* R.C. 2947.23(C). Thus, if Battigaglia were to file such a motion, the trial court would have jurisdiction to consider it.

{¶ 30} In light of the above, I dissent. I would not construe Battigaglia's motion as an untimely postconviction petition. Rather, I would remand the case for the trial court to provide reasons for its denial of Battigaglia's "motion to run probation violation concurrent and/or vacate probation."

20 MA 101